IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HERBERT HACKETT                                                                         PLAINTIFF

v.                                        Case No. 4:10CV00003 JLH

VINCO, INC.                                                                             DEFENDANT

## OPINION AND ORDER

Herbert Hackett first filed a complaint against Vinco, Inc. on September 15, 2008, alleging that he was terminated because of his race in violation of Title VII. That case, No. 4:08CV02518, was assigned to Judge Brian S. Miller of the Eastern District of Arkansas. Judge Miller dismissed Hackett's complaint on August 11, 2009. In that order, Judge Miller reiterated that he had previously explained to Hackett that failure to comply with the court's orders would result in dismissal, which would likely bar his Title VII claims due to the applicable statutory time limitations. Having received the court's warnings, Hackett continued to fail to respond adequately to discovery requests or to comply with the court's orders. Therefore, Judge Miller dismissed his complaint without prejudice. Hackett appealed, but the Eighth Circuit dismissed his appeal on October 14, 2009.

Hackett then re-filed the identical complaint against Vinco on January 5, 2010. Vinco has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint is time barred. In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

Moreover, where a complaint is filed *pro se*, it "must be held to [even] less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)) (internal quotes omitted).

Although it essentially alleges race discrimination in violation of Title VII, the complaint also asks for relief based on defamation and retaliation. Hackett's complaint is clearly time barred. Under Title VII, a civil action must be brought within 90 days of receipt of the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). Hackett filed his charge of discrimination on March 18, 2008, and received his right-to-sue letter on August 20, 2008. His complaint in this case was filed more than 90 days after he received his EEOC right to sue letter. In his first case, Judge Miller twice instructed Hackett that failure to follow the court's orders would result in dismissal, and that a dismissal would likely bar his Title VII claims due to the applicable statutory time limitations. Hackett's Title VII claims are now time barred, and dismissal of those claims is appropriate. *See, e.g.*, *Anderson v. Wal-Mart Stores, Inc.*, 2006 WL 3313645, at *1 (E.D. Ark. Nov. 14, 2006) (dismissing Title VII claim because, even though her complaint was dismissed without prejudice, the plaintiff failed to re-file her action within 90 days of receiving her right-to-sue letter).

Although the complaint does not specifically allege retaliation and defamation as separate causes of action, it requests relief based in part on those legal theories. To the extent that the complaint makes a claim for retaliation under Title VII, that claim is barred both because of the applicable statutory limitations period and because Hackett failed to exhaust his administrative remedies. To assert a Title VII claim for retaliation, a plaintiff must first exhaust his administrative remedies. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) ("Exhaustion

of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts."). To exhaust his administrative remedies on a retaliation claim, a plaintiff must give notice of all claims of discrimination in the initial EEOC charge. *See Stuart v. General Motors Corp.*, 217 F.3d 621, 630-31 (8th Cir. 2000). Allegations outside the scope of the EEOC charge circumvent the EEOC's investigative and conciliatory process and deprive the charged party of notice of the charge. *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004). In Hackett's EEOC charge, he checked only the box indicating discrimination based on race, and the charge does not mention retaliation. Therefore, to the extent that his complaint asserts a claim for retaliation, Hackett has failed to exhaust his administrative remedies with respect to that claim. *See Graham v. Bryce Corp.*, 348 F. Supp. 2d 1038, 1042 (E.D. Ark. 2004) (dismissing retaliation claim for failing to exhaust administrative remedies where plaintiff checked only the box marked "Race," failed to check the box marked "Retaliation," and alleged no facts that would give notice to a retaliation claim).

Hackett's complaint also requests relief in part for defamation, which is a state law claim. A district court may exercise supplemental jurisdiction over state-law claims arising out of the same case or controversy, but a district court may also decline to exercise such supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Because the Court has dismissed Hackett's federal claims under Title VII, it declines to exercise supplemental jurisdiction over his state-law claim for defamation. *See Massey v. Jones*, 2010 WL 330353, at *8 (E.D. Ark. Jan. 21, 2010) (declining to exercise supplemental jurisdiction over fraud

claim after the court had dismissed the plaintiff's federal claims). Thus, the Court need not consider whether his state law claim for defamation is barred by the applicable statute of limitations.[1]

## CONCLUSION

For the foregoing reasons, Hackett's Title VII claims for race discrimination and retaliation are dismissed as time barred. Because Hackett's federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over his state-law claim for defamation. Vinco's motion to dismiss is GRANTED. Document #15. Hackett's motions to reconsider the order denying appointment of counsel and for a default judgment are both DENIED as moot. Documents #10 and #12.

IT IS SO ORDERED this 24th day of February, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Under Arkansas defamation law, a slander claim is governed by a one year limitations period, Ark. Code Ann. § 16-56-104(3), whereas a libel claim is governed by a three year limitations period, Ark. Code Ann. § 16-56-105(5). As his claim is essentially a Title VII claim for race discrimination, Hackett does not explain what actions form the basis for his defamation claim. Hackett says that an agent of Vinco accused him of "working unsafely," but Hackett denies that accusation. It is unclear from the complaint whether the accusation that he "worked unsafely" is the reason for the defamation claim and, if so, whether that accusation was communicated orally or in writing. The accusation was communicated on or around January 22 or 23, 2008, which would be within the three year limitations period for libel, but not within the one year limitations period for slander.